Ms. Wong. Good morning. May it please the court, my name is Likya Wong. I'm pro bono court appointed counsel for the appellant Richard Martin. We've raised two issues on the first issue. Our questions about the second one would be irrelevant. You've preserved your point to try to persuade the Supreme Court. Great, thank you. So, fine to proceed on the only one that's open here. This case merits reversal because the normal Illinois Police Department did what the Supreme Court has now recognized to be unconstitutional. They conducted a warrantless GPS tracking search of Mr. Martin. It is the government's duty to show here that they're entitled to an exception to the exclusionary rule. But the evidence and the record shows that there are no exigent circumstances to excuse the police's failure to obtain a search warrant. The individual police officers who decide to use warrantless GPS tracking did not know the law, nor did they investigate the law. The law in this circuit was under Garcia at the time. We don't contest that fact that there was case law that allowed police to use warrantless GPS tracking, but that's not the issue here. The issue is that the government had the burden to show that they reasonably relied upon a search warrant. Well, if somebody were trained, and the record may have a refresher class in the state of Illinois, what would they have been instructed with regarding GPS? Well, Your Honor, they may have been instructed regarding Garcia, but again, it is the government's burden to show that the police officers here did in fact get such training. They did, were instructed about the precedents in the circuit, that there was at least some modicum of evidence that there was a general policy. They used the kind of common sense that the judges in this court used then, right? Sorry. And thus, because there is nothing in the record that shows that such reasonable reliance was shown. Why does it matter what's in their heads? The Supreme Court keeps saying that all Fourth Amendment law is objective, so why don't we just follow the rule that it's all objective? Well, Your Honor, we're not asking the court to delve into the subjective mental states of the police. We're simply asking the court to look at what is in the record, and what the government has shown. Well, what you say we should look at is what's in their heads, or what their training was. And as I say, the Supreme Court keeps saying that Fourth Amendment law is objective. It doesn't matter what's in their heads. Well, Your Honor, the question is why should we pay any attention to this? Your Honor, the exceptions to the exclusionary rule, and each of these exceptions show that police officers who are entitled to an exception do rely upon some sort of outside... No. No, they don't. Jones doesn't talk about the officers relying on things, nor does our opinion in Brown, where we held that... Sorry, Davis doesn't talk about relying on things. We held that Jones would not apply retroactively. It was entirely objective. But even, Your Honor, even in Davis, the Supreme Court stated that the exclusionary rule is to deter reckless and negligent police misconduct and police behavior. So we're simply asking the court to look at whether the government has shown, as it is their burden to show, that the police have acted reasonably... In Davis, did the justices ask or express any opinion on what was in the heads of the officers? In Davis, the Supreme Court repeatedly says it is a reasonable good faith standard that looks at the totality of the... Yes, and the question is whether that's objective, or whether it looks at what the officers are thinking, or no. I'm just asking whether, in that case, the Supreme Court looked at what the officers were thinking or knew, or whether, instead, it was objective. Well, Your Honor, in that case, the Supreme Court did look at the full circumstances surrounding the issue in that case. They didn't look specifically at the police officers' mental intent or what they believed they were doing, and we're not asking the court to do so here. We're simply asking, look at what the evidence shows outside of the mental thoughts of the police officers. Did they act reasonably? Did the police department act reasonably? Or did they act recklessly and simply because that there happened to be circuit precedent at the time that allowed for warrantless GPS tracking that should not be allowed? I ask that somewhat facetiously, but doesn't that show it's reasonable? At least a number of judges on this court thought it was reasonable. Well, Your Honor, just because a clock is broken twice, and is correct twice a day, doesn't mean that the clock shouldn't be fixed. And that's simply the case here. That is simply the case here. And we should require police officers and police departments to... But it's reasonable. It's not whether they're actually right, but whether they were reasonable in thinking it. That's the question that I use with regard to our court. I mean, there was thought out there that it wasn't a problem. The question before your court is whether the police and the police department acted reasonably. Not whether it was reasonable for them to simply believe that they did not need a warrant to conduct the GPS tracking, but whether they acted reasonably in reaching that decision. And they did not do so here. They did nothing. They didn't seek legal counsel.  Let me read you the Supreme Court's statement of its holding in Davis. Searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule. That's the Justice's statement of their holding. And it's got the word objectively in it. So how would we be going about looking at anything else? Well, Your Honor, that statement that you just read also has the word reliance. Yes, objectively. We determine what a reasonable police officer, how a reasonable police officer would be behaving at the time by using objective standards and not by doing some trepanning and searching inside their brains. Well, Your Honor, we're not asking you to search inside their brain. We're looking at evidence here that they did so. And we respect that the court, or we respectfully request that the court reverse the district. So you understand the difference between subjective and objective is reasonably well-trained officer would have known, which is an objective standard, versus did know, which is subjective. So would have known a reasonably well-trained officer, that's what we're looking at. Well, Your Honor, there's nothing in the record here that talks about what a reasonably well-trained officer would have known. A reasonably well-trained officer presumably would have been told that the Seventh Circuit had already held that this was absolutely fine. But, Your Honor, isn't that the tail wagging the dog here? Aren't we deciding what reasonable is by saying, well, a reasonable officer would have known the law, so therefore they must have followed the law. Well, the Supreme Court changed the When the applicable legal standards change, if what you did was okay under the old legal standards, there won't be exclusion. And that's the holding of Davis. That's what we held in Brown about this problem particularly, and then in Taylor. Well, neither Brown nor Taylor is the situation here. Both in Brown and in Taylor, the police officers did in something that was facially valid in order to determine that a search warrant was not necessary at the time. There is no evidence in Brown about whether the police, actually federal agents in Brown, knew what the Seventh Circuit had held. And the reason why is because in that case, the search occurred in the Eighth Circuit, and the Eighth Circuit didn't have any precedent about that subject. And we said that was irrelevant in the end. Your Honor, in Brown, the police officers actually got authority from the owner of the car to install the GPS device. And they believe that that was They didn't go and look up whether that was enough in Seventh or Eighth Circuit case law. I would respectfully like to reserve the rest of my time. Sure. Thank you. Certainly, Ms. Wong. Mr. Yanz. Good morning, and may it please the Court. Ms. Wong, my name is Victor Yanz, and I represent the United States of America. It is undisputed in this case that in 2010, when police officers attached GPS devices to the defendant's vehicle and monitored its movements without a warrant, that their conduct was consistent with binding precedent at that time. Now, counsel argues that the officers acted in bad faith, despite their Might still be consistent with precedent, because Jones didn't have anything to do with warrants. Yes, Your Honor. And with regard to counsel's argument, counsel argues that the officers acted in bad faith, despite the fact that their conduct was consistent with precedent, that they did not know that their conduct was consistent with precedent. Now, this is being framed with terms like willful ignorance of the law and reckless disregard of the law. But make no mistake, this request is that the Court engage in a subjective analysis, a subjective good-faith analysis, and that goes against all good-faith analysis cases from the Supreme Court and the Seventh Circuit from Leon to today. Your Honor, I already mentioned the two cases that already dealt with this in this specific context, GPS tracking, United States v. Browning and United States v. Taylor. And this Court stated in both of those cases it would be inappropriate to exclude evidence before that Jones decision because reasonable officers could have relied on binding precedent pre-2012. I think the case that is actually most responsive to counsel's argument is another good-faith exception case that came down this summer, which is United States v. Gary. And that was a case regarding the search of a cell phone incident to arrest. And in that case, the defendant argued, as defendant argues here today, that the government put forth no evidence to show that there was actual reliance on the old precedent or that the officers were even aware of that old precedent. And what this Court said, quite simply, was it does not matter because it doesn't matter what the officers knew, it matters what the officers did. What is the conduct in question? In Gary, it was the search of a cell phone incident to arrest. That was permissible by precedent at the time. In this case, it is the warrantless GPS monitoring of the defendant's vehicle. So let me ask you this. So Davis suggests that when the police exhibit deliberate, reckless, or grossly negligent disregard for the Fourth Amendment, that the exclusionary rule should apply because the purpose of the rule is to deter the conduct. But it also says, because there's some tension here, that when the police rely on binding circuit precedent, there's no violation. So what if we had a situation where one of the officers says, I don't know if we can do this, why don't we check with the state's attorney, see what the law is. And another officer responds, well, you know what, let's not do that because then if we do that, we know what the law is. Let's just go ahead, we want to get this guy, he's scummy, blah, blah, blah. So do you think that would change anything if we had that kind of circumstance? I'm just trying to see how far we go with it. Is it totally absolute or not? I don't think it changes the analysis, Your Honor, and here's why. When you start getting into the steps that led up to a certain decision, you're getting into the subjective mindset of those officers. The analysis should be strictly focused on what was the conduct, the investigative technique at issue. In this case, we're talking about warrantless GPS monitoring that was permissible at the time. Now, if this court were to rule in favor of the defendant, that then creates a rule that then has to be enforced at the district court level. Oh, yeah, I know what the circumstances are here. I'm just talking about, would you ever envision a violation when there's been binding precedent? It wouldn't matter what the police officers did. They could do, we just totally ignore everything they do because there's binding precedent, it's always okay. So there could never be a violation of the Fourth Amendment. If there's binding precedent that allows that officer's behavior, then it is permissible and the good faith exception does apply. Now, carrying this out to... Even though they didn't act in good faith, under my scenario. Well, Your Honor, of course I would always prefer that officers take an abundance of caution and run it up through the state's attorney or whatever legal counsel is available to them. But in the absence of that, if they are acting objectively consistent with that precedent, then the good faith exception applies. Now... I take it when you refer to good faith exception, which I don't really recognize. You're just saying the exclusionary rule doesn't apply. But in fact, they may well have violated the Fourth Amendment. That's the holding of Jones. And therefore, the remedy would be damages rather than the exclusion of evidence. Yes, Your Honor. They could then plead qualified immunity in a damages action. That's how things would set up. It's not to say there's no violation of the Fourth Amendment. It's just to say there's no exclusion. Understood, Your Honor. And it's also important to remember the purpose of the exclusionary rule. This isn't a constitutional right of the defendant. It's not a vehicle that the defendant is entitled to use to redress an injury. This is exclusively... It must be a constitutional right of the defendant or it couldn't be applied to the states. And the Supreme Court has applied it to the states. Your Honor, the stated purpose of the exclusionary rule...  But it's applied to the states. And it therefore must be a constitutional rule. Either that or the Supreme Court has been acting ultra viris ever since weeks against... Ever since... No, sorry. Map against Ohio. It was weeks that applied it to the federal government and then map in 1964 that extended it to the states. If it doesn't rest on the Constitution, the Supreme Court has been flipping the bird to the law ever since 1964. Understood, Your Honor. But that doesn't change the analysis. If this court were to rule in favor of the defendant, it creates a rule for the district courts where they are supposed to apply some degree of legal knowledge to individuals who investigated a specific case. And that presents a host of problems based on how criminal investigations work. They're often complex. They're often collaborative. This case is a perfect example. You have at least three officers and agents who are involved just in this one particular issue of the GPS monitoring. There's Detective Ferguson, the case agent. There's Detective Cleveland. He's the individual who actually installed the devices. And there's Special Agent Cady who analyzed the data. So let me go back to this. Let's look at the language. When the police were using an objectively reasonable good faith belief. Objectively reasonable. So I guess your position would be there would be no objectively reasonable situation when there's binding precedent. So is that what you're saying? Yes, Your Honor. If there is binding precedent, then an officer's act pursuant to that precedent and in reliance on that precedent, in objective reliance on that precedent, then that conduct is permissible. And you have to look at the actions. But it's objectively reasonable. So there could be certain circumstances where you look at it objectively. It would be unreasonable. And so the good faith belief wouldn't apply. I mean, right? I understand the distinction you're making now, Your Honor. I apologize. I didn't understand that at first. And I think whether or not that is the case, whether or not there might be a standard that is unreasonable, that certainly is not the case here. The Garcia precedent was the law of the land in the Seventh Circuit when this investigation took place in 2000, and it remained so for two years following. If the court starts to delve into the subjective minds of the officers to determine what they did and did not know about the Fourth Amendment, then you start getting into a situation where courts have to apply some sort of formula or establish some degree of legal knowledge to a team of officers that's investigating a specific case. And that's unworkable at the district court level. And, in fact, it would lead to unjust results. Think of the situation where two identical crimes take place, two identical investigations take place. One of the team of officers are legal scholars and can point to every Seventh Circuit and Supreme Court decision that justified each step of the investigation, and the other team of officers could not. The defendant's position would be when those cases go to trial, the evidence is allowed in in one case and excluded in the other,  it's an unworkable solution, and it's an unworkable solution. It flies in the face of Seventh Circuit and Supreme Court precedent, and it does not accomplish the stated goal of the exclusionary rule. Unless there are questions, thank you for your time. Thank you, Mr. Yance. Anything further, Ms. Wong? Mr. Yance, first of all, he agrees that the court should look at what the officers did, and it's very simple what the officers did here. They didn't ask counsel. They could have easily asked counsel of the police department what the Fourth Amendment rules were at the time. They did not do that. Did they check at all with the headquarters? They did not check with anyone as far as the record shows. They checked with no one. There's no training. The police department generally had no policies, had no rules, had no regulations regarding Fourth Amendment requirements or GPS tracking. And these facts are objective facts. It doesn't require the court to look into the mental state of the police officers. And, in fact, education generally is an objective fact, whether or not someone went to college, whether or not someone took a certain class is an objective fact. And my last point is that the good faith exception is meant ñ what is the point of the good faith exception? So what are we then to make of Davis? I've just looked at Davis. There's no suggestion in the Supreme Court's opinion that the officers in that case had received training on the subject of the search. But if you look at the opinion, the court says numerous times that the exclusionary rule is meant to deter police misconduct. That is negligent and deliberately reckless. And, of course, that's also what tort law does. But we don't insist in a tort case that either the plaintiff or the defendant have received training in tort law in order to take advantage of the rules. But, Your Honor, we're talking about Fourth Amendment regulations here. And the burden should be placed on police departments to properly train their police officers and ensure that Fourth Amendment regulations are respected. Well, we would have to be adding to the Supreme Court's analysis to go in that direction. Thank you very much for your argument. We appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement, and the court will be in recess. Thank you.